# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Stephen Rice, | ) |
|                 Plaintiff, | )    C.A. No.: 2:17-cv-1274-PMD |
| v. | )    **ORDER** |
| M-E-C Company, John Quick, Jr., Lynn Ann Lichtenfeld, Reuben Andreas, Reuben Roff Andreas Trust, John Andreas, Amanda Fisk, Joan K. Parker, | ) |
|                 Defendants. | ) |

This matter is before the Court on Defendants Amanda Fisk and John Andreas' motion to set aside the entry of default (ECF No. 72) and Plaintiff Stephen Rice's motion to strike (ECF No. 75). For the reasons set forth herein, the motion to set aside the default is granted and the motion to strike is denied as moot.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a dispute over wages and benefits allegedly owed to Rice, who met with Fisk and Lynn Lichtenfeld on May 9, 2016, and was fired the following day.

Fisk and Andreas were served on June 10. According to Fisk and Andreas's affidavits, they each sent a letter on June 10 to Rice's counsel denying Rice's allegations. According to Rice's counsel's affidavit, she never received those letters. On June 14, Fisk allegedly contacted her homeowner's insurance company about the claim, and the company denied the claim on July 17. The parties both agree that Fisk emailed Rice's counsel on July 17. Rice's counsel interpreted the email as a request for additional time to answer. On August 15, Fisk and Andreas mailed letters to Rice's counsel with substantively the same denials contained in the letters they allegedly

mailed on June 10. On September 3, Rice moved for entry of default as to Fisk and Andreas. The Clerk entered the default on September 5. On September 6, Rice submitted a supplement to his request for entry of default which included the letters mailed on August 15. Those letters were purportedly received by Rice's counsel on September 5, the same day that the Clerk entered default. On September 21, Andreas and Fisk filed their first responsive pleadings by moving to dismiss and moving to set aside the entry of default.[1] On October 5, Rice responded to the motion to set aside the entry of default and also filed a motion to strike. Fisk and Andreas did not reply to Rice's response, and they did not respond to Rice's motion to strike. Accordingly, these motions are ripe for review.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that a "court may set aside an entry of default for good cause." "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The court should also consider "whether the [defaulting] party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [non-defaulting] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

---

1. The Court denied the motion to dismiss on October 25.

The Court finds that Fisk and Andreas have presented a meritorious defense. Fisk submitted an affidavit stating that she had nothing to do with Rice's termination and an exhibit attached to the affidavit further states that she did not make any decisions regarding Rice. Andreas' affidavit states that he was not involved in anything relating to Rice's hiring, retention, or termination. If a jury believed those claims, it could find for Fisk and Andreas.

The Court finds that Fisk and Andreas also took numerous steps in an attempt to respond to the summons in a timely manner. The summons given to Fisk and Andreas instructed them to serve a copy of their answer to Rice's counsel and did not specify that they must also file an answer with the Court. Fisk and Andreas state that they mailed letters denying the allegations to Rice's counsel the same day that they received the summons. They aver that they submitted the claim to their homeowner's insurance company and contacted Rice's counsel by email as soon as the company denied their claim. Rice's counsel acknowledges that she received the email and that she accepted it as a request for additional time to answer, but she does not claim that she replied to the email. Fisk and Andreas state that they never received a reply. Taken together, the Court finds that as of July 17, Rice's counsel was aware that Fisk and Andreas were attempting to answer the summons. Moreover, though she was apparently willing to give them more time to answer, she never communicated that willingness to them. Finally, Fisk and Andreas mailed another pair of letters on August 15, which should have reached Rice's counsel before Rice filed for entry of default. Apparently, the letters arrived two days after Rice filed for entry of default, and on the same day that the Clerk entered the default. The Court concludes that Fisk and Andreas acted with reasonable promptness in an attempt to follow the directions of the summons and that Rice has not shown how he might be prejudiced by allowing them to defend themselves on the merits. In light

3

of these findings and the fact that Fisk and Andreas have put forth a meritorious defense, the Court grants their motion to set aside the default.

Rice's motion requests that the Court strike Fisk and Andreas' answer. However, Fisk and Andreas have not yet filed an answer with the Court. In his brief opposing the motion to set aside the entry of default, Rice refers to the letters mailed on August 15 as Fisk and Andreas' answer. Those letters were filed with the Court as exhibits to Rice's own Supplement to Request for Default. Since the letters are relevant to setting aside the entry of default, as discussed above, the Court will not strike them from Rice's own filing. Insofar as Rice's motion asks the Court to strike an answer that has not yet been filed, it is denied as moot.

## CONCLUSION

For the reasons stated herein, Fisk and Andreas' motion to set aside the entry of default is **GRANTED**. Rice's motion to strike is **DENIED AS MOOT**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 29, 2017**
**Charleston, South Carolina**

4