IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Stephen Rice, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:17-1274-BHH |
| v. | ) | |
| | ) | **<u>ORDER</u>** |
| M-E-C Company, John Quick, Jr., | ) | |
| Lynn Ann Lichtenfeld, Pamela Walden, | ) | |
| Michael Hudson, Jacob Johnston, | ) | |
| Reuben Andreas, Ruben Roff Andreas | ) | |
| Trust, John Andreas, Amanda Fisk, | ) | |
| Joan K. Parker, Stephen D. Parker, | ) | |
| and W. Kent Shields, | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

This matter is before the Court upon the motion for summary judgment filed by Defendants John Andreas ("J. Andreas") and Amanda Fisk ("Fisk").[1] In their motion, J. Andreas and Fisk assert that the Court cannot exercise personal jurisdiction over them. At the time the motion was filed, J. Andreas and Fisk were represented by counsel, but they are now proceeding *pro se*. As such, the matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil rule 73.02(B)(2)(e) (D.S.C.).

On January 7, 2020, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny the motion for summary judgment. J. Andreas and Fisk filed objections to the Magistrate Judge's Report, and the matter is ripe for review.[2]

---

[1] Fisk is sometimes referred to in the record as Amanda Andreas.

[2] Also pending before the Court is Defendant Lynn Ann Lichtenfeld's motion for summary judgment, which the Court will address in a separate order.

**BACKGROUND**

This action arises out of a dispute between Plaintiff Stephen Rice ("Rice") and his former employer, M-E-C Company ("M-E-C"). Plaintiff initially filed this action in the Court of Common Pleas in Charleston County, South Carolina, and Defendants removed the action to this Court on May 17, 2017. On August 23, 2017, an entry of default was entered as to Defendants M-E-C and Reuben Andreas ("R. Andreas"). On September 5, 2017, an entry of default was entered against J. Andreas and Fisk, but they successfully moved to set aside the entry of default. J. Andreas and Fisk previously moved to dismiss the complaint for lack of personal jurisdiction, but on October 25, 2017, the Honorable P. Michael Duffy entered an order denying the motion and finding that Plaintiff made a prima facie showing of specific personal jurisdiction at the early stage of litigation.[3] (ECF No. 78 at 19.) On January 29, 2018, Rice filed an amended complaint alleging the following claims: (1) wrongful retention of wages; (2) "breach of contract, breach of contract with fraudulent intent, and detrimental reliance"; (3) conversion; (4) violations of the Employee Retirement Security Act ("ERISA"); (5) slander; (6) wrongful termination in violation of public policy; (7) civil conspiracy; and (8) intentional infliction of emotional distress.[4] (ECF No. 86.)

---

[3] In his order, Judge Duffy also granted the motions to dismiss filed by Defendants Pamela Walden, Michael Hudson, W. Kent Shields, Stephen Parker, and Jacob Johnston, and denied the motion to dismiss filed by Lynn Ann Lichtenfeld. (ECF No. 78.)

[4] In February of 2020, Plaintiff settled his claims against Defendant John Quick, Jr. Thus, at this time the following Defendants remain in this action: defaulted M-E-C, Lichtenfeld, defaulted R. Andreas, Reuben Roff Andreas Trust ("Andreas Trust"), J. Andreas, Fisk, and Joan K. Parker ("J. Parker"). Defendants Andreas Trust and J. Parker have not made an appearance or filed a responsive pleading, and no attorney has appeared on their behalf, but Plaintiff has not moved for entry of default as to these Defendants. Plaintiff has not moved for default judgment against M-E-C and R. Andreas.

## STANDARD OF REVIEW

I.  **Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

II. **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS

In their motion for summary judgment, J. Andreas and Fisk assert that the Court lacks personal jurisdiction over them. Specifically, these Defendants assert, among other things:

> The evidence before this Court unequivocally shows these Defendants are citizens and residents of the State of California. These Defendants do not live in South Carolina and do not own property in South Carolina. These Defendants do not conduct business in the State of South Carolina and have never been employed in the State of South Carolina. Andreas has never traveled to the State of South Carolina for or on behalf of M-E-C Company. As further detailed below and in the attached affidavit, Fisk traveled to the State of South Carolina on only one occasion. On this occasion, she was in the State of South Carolina for one day before returning to California due to her ailing mother. During her one-day visit to Charleston, South Carolina, Fisk was not involved in any of the communications or decisions made by or on behalf of M-E-C Company now giving rise to the present lawsuit.

(ECF No. 134-1 at 5-6.)

As the Magistrate Judge noted in his Report, a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4. With respect to non-resident defendants, such as J. Andreas and Fisk, the exercise of personal jurisdiction must be authorized by the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment. Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S.

457, 463 (1940)).

Personal jurisdiction may be exercised generally or specifically. General jurisdiction is established where the defendant's contacts with the forum state have been "continuous and systematic" so as to support jurisdiction over claims that are unrelated to those continuous and systematic contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In other words, general jurisdiction may be exercised when the defendant has contacts with the forum state that are "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal quotation marks and alteration omitted). If the defendant does not have sufficient contacts to be at home in the forum, the court may exercise specific jurisdiction if the defendant has continuous and systematic contacts with the forum state and the claims at issue arise from those contacts with the forum state. *See id.* At 126-27; *see also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citing *Helicopteros Nacionales*, 466 U.S. at 414). Specific jurisdiction depends upon "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). Simply stated, the defendant must have "minimum contacts" with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985). However, "the threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction." *Hamburg Sudamerikanische*

*Dampfschiffahrts-Gesellschaft KG, v. Texport, Inc.*, 954 F. Supp. 2d 415, 421 (D.S.C. 2013) (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

In his Report, the Magistrate Judge thoroughly considered the parties' arguments and first determined that Plaintiff presented no new evidence to show that these Defendants' activities in South Carolina were so "continuous and systematic" as to provide general jurisdiction over them. Thus, the Magistrate Judge agreed with Judge Duffy's previous determination that the Court could not exercise general personal jurisdiction over these Defendants.

Next, the Magistrate Judge considered whether the Court could exercise specific jurisdiction over these Defendants. In considering this issue, the Magistrate Judge specifically outlined the evidence of record and explained:

> Here, the evidence establishes that these Defendants had business relationships with other Defendants in this case and in this State, that Fisk contacted Plaintiff in South Carolina directly through emails as well as by personally meeting with him in South Carolina immediately prior to his termination, that Fisk acted as an agent for J. Andreas and used his email account to correspond with the Plaintiff in South Carolina about the business and what actions might need to be taken, that J. [Andreas] was on the Board of the corporate Defendant and participated in the Board meeting where the status of M-E-C and Plaintiff's employment was discussed (immediately following which Plaintiff was terminated), and that J. Andreas represented to John Quick immediately prior to Fisk's exchange of emails with the Plaintiff of his intent to contact Plaintiff, following which Amanda Fisk did so (using J. Andreas' email account).

(ECF No. 162 at 9-10.) Ultimately, based on the evidence outlined in the Report, the Magistrate Judge determined that "these Defendants have purposefully availed themselves of the privilege of conducting activities in South Carolina, to include Plaintiff's claims that arise out of those activities directed at South Carolina." (ECF No. 162 at 10.) Thus, the Magistrate Judge found that J. Andreas and Fisk are subject to the Court's specific

jurisdiction.

J. Andreas and Fisk filed objections to the Magistrate Judge's Report; however, their objections merely rehash their arguments and generally deny any involvement with the hiring or termination of Plaintiff, or any other decisions made by the Board or President of M-E-C. Importantly, J. Andreas and Fisk do not point to any evidence in support of their general denials, nor do they point to any specific legal errors in the Magistrate Judge's personal jurisdiction analysis. In all, the Court finds these non-specific objections without merit. As explained above, the Magistrate Judge clearly outlined the evidence of record related to J. Andreas' and Fisk's contacts with South Carolina in connection with this case, and the Court agrees with the Magistrate Judge's analysis. Thus, the Court adopts the Magistrate Judge's Report and finds that J. Andreas and Fisk are subject to the Court's specific personal jurisdiction.

## **CONCLUSION**

Based on the foregoing, it is hereby ordered that the motion for summary judgment filed by J. Andreas and Fisk (ECF No. 134) is denied; the Magistrate Judge's Report (ECF No. 162) is adopted and specifically incorporated herein; and the objections filed by J. Andreas and Fisk (ECF No. 164) are overruled.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 11, 2020
Charleston, South Carolina

7