IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stephen Rice, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-1274-BHH |
| v. ) | |
| ) | **ORDER** |
| M-E-C Company, Lynn Ann Lichtenfeld, ) | |
| Reuben Andreas, John Andreas, ) | |
| and Amanda Fisk, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the motion for summary judgment filed by Defendant Lynn Ann Lichtenfeld ("Lichtenfeld"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On April 14, 2020, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Lichtenfeld's motion for summary judgment and dismiss her as a Defendant from this case. Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

**BACKGROUND**

This action arises out of a dispute between Plaintiff Stephen Rice ("Rice") and his former employer, M-E-C Company ("M-E-C"). Plaintiff initially filed this action in the Court of Common Pleas in Charleston County, South Carolina, and Defendants removed the action to this Court on May 17, 2017. On January 29, 2018, Rice filed an amended

complaint alleging the following claims against Defendants[1]: (1) wrongful retention of wages; (2) "breach of contract, breach of contract with fraudulent intent, and detrimental reliance"; (3) conversion; (4) violations of the Employee Retirement Security Act ("ERISA"); (5) slander; (6) wrongful termination in violation of public policy; (7) civil conspiracy; and (8) intentional infliction of emotional distress. (ECF No. 86.) Currently pending is Defendant Lichtenfeld's motion for summary judgment, wherein she seeks summary judgment on all of Plaintiff's claims against her.

## STANDARDS OF REVIEW

### I.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The

---

[1] Numerous originally named Defendants have been dismissed from this action.

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS

In his Report, the Magistrate Judge considered the parties' arguments and determined that Lichtenfeld is entitled to summary judgment on all of Plaintiff's claims. Specifically, as to Plaintiff's claim for wrongful retention of wages pursuant to the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et. seq.*, the Magistrate Judge found that Plaintiff failed to establish an issue of fact as to whether he could pierce the corporate veil as to Defendant Lichtenfeld.

Next, as to Plaintiff's claim for breach of contract, breach of contract with fraudulent intent, and detrimental reliance, the Magistrate Judge determined that Plaintiff failed to offer any support to show that Lichtenfeld should be held individually liable under this contract claim, particularly in light of the fact that Plaintiff admitted in his response that Lichtenfeld "made no promises to the Plaintiff regarding this cause of action," as well as the fact that

Plaintiff testified at his deposition that Lichtenfeld never made any promises to him with respect to his place in the company, his employment contract, or any expenses the company previously agreed to pay. (*See* ECF Nos. 173 at 15 and 168-2 at 12.)

As to Plaintiff's conversion claim, the Magistrate Judge found that Plaintiff failed to point to any evidence to create a genuine issue of material fact as to Lichtenfeld's personal involvement in the alleged conversion of his personal property. The Magistrate Judge also determined that Plaintiff either was not pursuing his ERISA claim against Lichtenfeld or effectively had abandoned it.

Next, as to Plaintiff's slander claim, the Magistrate Judge explained that Plaintiff failed to point to evidence of an alleged defamatory statement made by Lichtenfeld, or to whom any such statement was made or in what context. The Magistrate Judge noted that Plaintiff admitted in his response to Lichtenfeld's motion that he was not pursuing his claim for wrongful termination against her.

With respect to Plaintiff's civil conspiracy claim, the Magistrate Judge found that Plaintiff's conspiracy allegations simply repeat the allegations of his contract and conversion claims and do not set forth a new and distinct claim. In addition, the Magistrate Judge explained that Plaintiff does not identify any special damages to support a civil conspiracy claim.

Lastly, as to Plaintiff's claim for intentional infliction of emotional distress, the Magistrate Judge explained that the South Carolina Workers Compensation Act bars such a claim with the exception of where allegedly intentional conduct was committed by the employer or through an alter ego of the employer. The Magistrate Judge found that Plaintiff failed to point to any evidence sufficient to create a genuine issue of material fact that

Lichtenfeld was an alter ego of the company and/or a dominant corporate owner or officer, and that the actions complained of by Plaintiff were committed by the Board and not Lichtenfeld personally.

For all of the aforementioned reasons, the Magistrate Judge found that Lichtenfeld is entitled to summary judgment on all of Plaintiff's claims against her.

Plaintiff filed objections to the Magistrate Judge's Report. After a thorough review of Plaintiff's objections and the record as a whole, however, the Court finds that Plaintiff's objections lack merit. First, Plaintiff's objections essentially repeat the arguments he previously raised in response to Lichtenfeld's motion for summary judgment. Second, although Plaintiff contends that the Magistrate Judge failed to consider the evidence in the light most favorable to him, Plaintiff makes only conclusory arguments in this regard and fails to point to any evidence that creates a genuine issue of material fact as to any of his claims. Instead, Plaintiff simply copies and pastes the procedural history as well as several pages of factual allegations from his response to Lichtenfeld's motion for summary judgment without any additional substantive argument, whether factual or legal.[2]

In all, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court finds that Plaintiff's objections do not point to any error in the Magistrate Judge's analysis. In addition, the Court finds that Plaintiff's objections fail to demonstrate a genuine issue of material fact as to any of his

---

[2] The "procedural history" set forth on pages one through four of Plaintiff's objections is the same as the procedural history set forth on pages one through four of his response to Lichtenfeld's motion for summary judgment. (*Cf.* ECF No. 173 at 1-4 and ECF No. 187 at 1-4.) The facts set forth on pages seven through nine of Plaintiff's objections are taken directly from pages eight through ten of his response. (*Cf.* ECF No. 173 at 8-10, ¶¶ 15-23 and ECF No. 187 at 7-9, ¶¶ c.1-9.) The only law Plaintiff cites in his objections appears in the standard of review section.

claims against Lichtenfeld.

## CONCLUSION

Based on the foregoing, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 162); the Court overrules Plaintiff's objections (ECF No. 187); and the Court grants Lichtenfeld's motion for summary judgment (ECF No. 168).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

July 21, 2020
Charleston, South Carolina