IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stephen Rice, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-1274-BHH |
| v. ) | |
| ) | **ORDER** |
| M-E-C Company, John Quick, Jr., ) | |
| Lynn Ann Lichtenfeld, Pamela Walden, ) | |
| Michael Hudson, Jacob Johnston, ) | |
| Reuben Andreas, Reuben Roff Andreas ) | |
| Trust, John Andreas, Amanda Fisk, ) | |
| Joan K. Parker, Stephen D. Parker, ) | |
| and Kent W. Shields, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Defendant Amanda Fisk's ("Fisk") motion for summary judgment and Defendant John Andreas's ("J. Andreas") motion for summary judgment.[1] In accordance with the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the motions were referred to a United States Magistrate Judge for preliminary review.

On August 6, 2021, Magistrate Judge Molly Cherry issued a Report and Recommendation ("Report") outlining the arguments presented in Fisk's motion and

---

[1] Counsel for Fisk and J. Andreas were relieved in December of 2019, and since that time Fisk and J. Andreas have proceeded pro se in this litigation. On July 7, 2021, Fisk filed a letter requesting to be dismissed from this action based on a lack of evidence, and due to Fisk's pro se status and her reference to evidence outside the pleadings, as well as Plaintiff's arguments in response and the fact that discovery has closed, the Court interpreted Fisk's letter as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the matter was referred to a Magistrate Judge for preliminary consideration. (*See* ECF Nos. 212, 218, and 219.) Likewise, on August 20, 2021, J. Andreas filed a letter requesting to be dismissed from this action based on a lack of evidence. Again, due to J. Andreas's pro se status and his reference to evidence outside the pleadings, as well as Plaintiff's arguments in response and the fact that discovery has closed, the Court interpreted the letter as a motion for summary judgment, and the matter was referred to a Magistrate Judge for preliminary consideration. (*See* ECF Nos. 226, 230, and 231.)

recommending that the Court grant the motion and dismiss Fisk from this action. Plaintiff filed objections to this Report. Next, on November 2, 2021, the Magistrate Judge issued a separate Report outlining the arguments presented in J. Andreas's motion and recommending that the Court grant his motion as well and dismiss J. Andreas from this action. Plaintiff filed objections to the Magistrate's subsequent Report, and the matters are ripe for the Court's review.

## **BACKGROUND**

This action arises out of a dispute between Plaintiff Stephen Rice ("Plaintiff" or "Rice") and his former employer, M-E-C Company ("M-E-C"). Plaintiff initially filed this action in the Court of Common Pleas in Charleston County, South Carolina, and Defendants removed the case to this Court on May 17, 2017. On January 29, 2018, Rice filed an amended complaint alleging the following claims against Defendants M-E-C, John Quick, Jr. ("Quick"), Lynn Ann Lichtenfeld ("Lichtenfeld"), Pamela Walden, Michael Hudson, Jacob Johnston, Reuben Andreas, Reuben Roff Andreas Trust, J. Andreas, Fisk, Joan K. Parker, Stephen D. Parker, and Kent W. Shields: (1) wrongful retention of wages; (2) "breach of contract, breach of contract with fraudulent intent, and detrimental reliance"; (3) conversion; (4) violations of the Employee Retirement Security Act ("ERISA"); (5) slander; (6) wrongful termination in violation of public policy; (7) civil conspiracy; and (8) intentional infliction of emotional distress.[2]  (ECF No. 86.)

In 2017, Defendants Fisk and J. Andreas filed a motion to dismiss for lack of

---

[2] All Defendants other than M-E-C, Reuben Andreas, J. Andreas, and Fisk have been dismissed from this action in previous orders.  (*See* ECF Nos. 78 and 189.)  Entries of default were entered against Defendants M-E-C and Reuben Andreas in August of 2017, and a motion for default judgment is pending against those Defendants.

jurisdiction, which the Honorable P. Michael Duffy denied without prejudice on October 25, 2017.  On March 27, 2019, Defendants Fisk and J. Andreas filed their first motion for summary judgment, again asserting lack of personal jurisdiction.  On March 11, 2020, the Court adopted the Report (ECF No. 162) of Magistrate Judge Bristow Marchant and denied Defendants' motion.  (*See* ECF No. 179.)

On November 19, 2019, the Court entered an amended scheduling order with a discovery deadline of January 31, 2020, and a motions deadline of February 14, 2020. (ECF No. 150.)  On June 25, 2021, the Court scheduled a date-certain jury trial against Defendants Fisk and J. Andreas for January 2022 and, in light of the time delay caused by the Covid-19 pandemic, entered a text order giving Plaintiff 60 days to file a memorandum outlining his remaining claims as well as any potential evidentiary issues that needed to be addressed prior to trial.  The Court also gave Fisk and J. Andreas 30 days to respond to Plaintiff's memorandum and raise any additional issues that needed resolution prior to trial. (ECF Nos. 209 and 210.)  Plaintiff filed a status report on August 16, 2021, indicating that he intended to proceed against Fisk and J. Andreas on his claims for wrongful retention of wages, breach of contract/breach of contract with fraudulent intent/detrimental reliance, conversion, slander, and wrongful termination in violation of public policy.[3]  Plaintiff indicated that he intends to proceed against Fisk only on his claims for civil conspiracy and intentional infliction of emotional distress.  (*See* ECF No. 221.)  As previously outlined in footnote 1, Fisk and J. Andreas filed letters seeking summary judgment on Plaintiff's claims against them on July 7, 2021, and August 20, 2021, respectively.  (ECF Nos. 212 and 226.)

---

[3] Plaintiff later clarified that his claim for wrongful termination was against M-E-C only.

## STANDARDS OF REVIEW

### I.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS

### I.     Defendant Fisk's Motion for Summary Judgment

In her letter seeking dismissal, which the Court has liberally construed as a motion for summary judgment due to Fisk's pro se status and the nature of her arguments, Fisk asserts that there is insufficient evidence to show that she had any involvement in the termination of Plaintiff from M-E-C.  She states: "There is no evidence to show I was involved in any way, not physical evidence, written evidence or otherwise.  I was not present and did not witness this action or have any knowledge of such action."  (ECF No. 212.)  She further states that she did not serve on the Board of M-E-C and was not involved in its daily operations and had no authority to take any action against Plaintiff.  (*Id.*)

In response to Fisk's motion, Plaintiff complains that Fisk raised these same issues in her previous motions and that Fisk has failed to present evidence to show that she is entitled to summary judgment.  As the Magistrate Judge correctly points out in her Report, however, Fisk is not required to put forth evidence to show that she is entitled to summary judgment.  Rather, it is Plaintiff's burden to offer evidence to establish his claims against Fisk.  Thus, the proper question is whether Plaintiff can point to sufficient evidence in the record to create a genuine issue of material fact as to his claims against Defendants.[4]

---

[4] Furthermore, the Court finds Plaintiff's argument that Fisk raised these exact same issues in her prior motions entirely unavailing.  As previously explained, Fisk's prior motions were based on a lack of jurisdiction and did not reach the ultimate question of whether the evidence creates a genuine issue of material fact as to any of Plaintiff's claims.  Thus, the Court overrules Plaintiff's objection asserting that "this issue has been decided on [two] different occasions."  (ECF No. 222 at 3.)

5

In addition to the foregoing, Plaintiff asserts that Fisk's motion is untimely under the scheduling order. While Plaintiff is technically correct, the Court agrees with the Magistrate Judge that this Court's subsequent text order specifically directed the parties to raise any additional issues that needed resolution prior to trial, thereby effectively inviting additional motions from the parties. Moreover, as the Magistrate Judge properly explained, Fisk filed her motion more than six months prior to the scheduled trial date, and the Court finds that it is in the interests of judicial economy and efficiency for the Court to consider Fisk's motion at this time.

### A.   Wrongful Retention of Wages

Turning to Plaintiff's specific claims against Fisk, the Magistrate Judge first considered Plaintiff's claim for wrongful retention of wages, explaining that Plaintiff alleges that Fisk violated the South Carolina Payment of Wages Act ("SCPWA") by failing to pay Plaintiff salaried wages, commissions from December 2015 until his termination, and 401(k) contributions. The Magistrate Judge considered the applicable law in connection with this claim, and more specifically, Plaintiff's assertion that he can pierce the corporate veil of M-E-C and assert this claim against Fisk because Fisk represented to Plaintiff that she was operating as a board member and owner.[5]

Ultimately, the Magistrate Judge determined that there was no genuine issue of material fact as to whether Plaintiff should be allowed to pierce the corporate veil, concluding that Plaintiff's arguments do not meet the standard for piercing the corporate

---

[5] As the Magistrate Judge pointed out in a footnote in both her Reports, Plaintiff later explained in his deposition that he did not know if any of the board and ownership representations made by Lichtenfeld applied to Fisk. Also, in an affidavit filed earlier in the case, Fisk attested that she was never a board member of, nor employed by, M-E-C. Plaintiff apparently argues that Fisk was operating as a representative of her husband and that she stood in the shoes of her husband. (*See* ECF No. 219 at n.5 and No. 231 at n. 7.)

6

veil set forth in *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 463 S.E.2d 641 (Ct. App. 1995). (*See* ECF No. 219 at 9-10.)  The Magistrate Judge explained:

> There are no facts to show that Defendant Fisk played any role in the financial problems of M-E-C, played any part in Plaintiff not having received his payments 'for months' prior to his termination, or that it would be unjust or fundamentally unfair for Defendant Fisk not to be held personally responsible for the acts of M-E-C.
>
> Notwithstanding the disagreement of the parties over whether Fisk was actually a board member o[r] owner of M-E-C, Plaintiff's own evidence shows that he never spoke to Fisk previously and that she knew nothing of the company's dire financial situation until he sent her a copy of the email he previously sent to Quick. [ ] Plaintiff himself testified that M-E-C had not been paying him and that he had received an eviction notice prior to his meeting with Fisk. [ ] Plaintiff also testified that Quick was the one who made the decisions up until Quick's termination about who was going to be paid, what was going to be paid on behalf of the company, and that Quick was the one who was not taking care of certain things that directly affected the Plaintiff. [ ]

(ECF No. 219 at 10-11 (internal citations to the record omitted).)

In his objections, Plaintiff first objects that the Magistrate Judge failed to set forth the facts in the light most favorable to Plaintiff.  Plaintiff asserts that the Magistrate Judge "failed to set forth essential facts as to the Plaintiff's actual employment, termination from employment and the decisions made by Ms. Fisk who traveled to South Carolina and acted and represented herself as having power and control over Plaintiff."  (ECF No. 222 at 3-4.)

As an initial matter, the Court notes that nowhere in his objections does Plaintiff cite to any specific portion of the record; thus, it is not clear exactly what evidence Plaintiff contends the Magistrate Judge overlooked.  Regardless, however, the Court finds no merit to Plaintiff's argument because it is clear from a review of the Report that the Magistrate Judge considered the relevant evidence, including Plaintiff's assertions that Fisk represented herself to him as one of the owners and board members, that he contacted her

7

about his financial concerns, and that Fisk traveled to South Carolina and met with Plaintiff to discuss the challenges facing the company. In all, the Court finds no error in the Magistrate Judge's presentation of the facts.

Plaintiff also objects that the Magistrate Judge erred in recommending dismissal of Plaintiff's claim for wrongful retention of wages. Again, citing no specific evidence in the record, Plaintiff asserts that the Magistrate Judge "failed and refused to consider the argument regarding Ms. Fisk['s] actions." (ECF No. 222 at 4.) The Court finds no merit to Plaintiff's conclusory objection. Here, the Magistrate Judge clearly considered Plaintiff's allegations relevant to Fisk and ultimately determined that the record contains insufficient evidence to warrant piercing the corporate veil as to Defendant Fisk. The Court wholly agrees with the Magistrate Judge's findings for the specific reasons stated in the Report, and the Court finds that Fisk is entitled to summary judgment on Plaintiff's claim for wrongful retention of wages.

B.  <u>Breach of Contract, Breach of Contract with Fraudulent Intent, and Detrimental Reliance</u>

As to Plaintiff's second cause of action against Fisk, for breach of contract, breach of contract with fraudulent intent, and detrimental reliance, the Magistrate Judge outlined the elements of the cause of action and first noted Plaintiff's apparent concession that Fisk "made no promises to the Plaintiff regarding this cause of action." (ECF No. 219 at 12 (quoting ECF No. 218 at 14).) Stated briefly, the Magistrate Judge rejected Plaintiff's argument that Fisk should be held liable under a contract theory because Fisk presented herself as a board member and owner of M-E-C, explaining that Plaintiff offered no *evidence or legal support* to show that he had a *contract* with Defendant Fisk, or any other

reason why Fisk should be held individually liable under a breach of contract theory. Accordingly, the Magistrate Judge recommended granting summary judgment in favor of Fisk on Plaintiff's second cause of action.

In his objections, Plaintiff simply asserts that the Magistrate Judge erred in recommending dismissal of Plaintiff's breach of contract claims against Fisk because "Ms. Fisk is liable for her actions and a genuine issue of material fact exists because the Court has already denied Ms. Fisk's motions to Dismiss and For Summary Judgment." (ECF No. 222 at 4.) The Court finds no merit to this wholly conclusory objection, and agrees with the Magistrate Judge, for the reasons set forth in her Report, that Fisk is entitled to summary judgment on this claim.

### C. Conversion

As to Plaintiff's conversion claim against Fisk, the Magistrate Judge outlined the applicable law and Plaintiff's assertion that Fisk, along with Defendant Lichtenfeld, locked him out of the Charleston office, refused to return his personal property, and switched off his cell phone. Ultimately, the Magistrate Judge found that Plaintiff failed to cite to any specific evidence of record to support his assertions and assumptions. The Magistrate Judge explained that, although the evidence indicates that Fisk was in Charleston at the time when the locks on the office were changed, "Plaintiff has made no showing that she exercised or participated in an unauthorized personal assumption and rights of ownership over Plaintiff's goods or personal chattels, to the alteration of the condition or to the exclusion of the rights of the Plaintiff." (ECF No. 219 at 13.)

In his objections, Plaintiff asserts that the Magistrate Judge erred in recommending dismissal of Plaintiff's conversion claim "due to the fact that Ms. Lichtenfeld and Ms. Fisk

made the decision to keep the Plaintiff's property and failed and refused to return that property." (ECF No. 222 at 5.)  Importantly, however, despite the Magistrate Judge's specific notice to provide "citations to the record to support these allegations and assumptions," Plaintiff again points to no specific evidence of record to support his conclusory assertions.  (ECF No. 219 at 13.)  Thus, the Court finds no merit to Plaintiff's objection, and the Court agrees with the Magistrate Judge that Plaintiff has not offered sufficient evidence to create a genuine issue of material fact as to his conversion claim against Fisk.  Accordingly, the Court finds that Fisk is entitled to summary judgment on this claim.

        D.      <u>Slander</u>

Next, as to Plaintiff's slander claim, the Magistrate Judge outlined the relevant law and explained that, again, Plaintiff failed to cite to any records or evidence to support his claim against Fisk.  The Magistrate Judge explained that Plaintiff "fails to provide any evidence of when an alleged defamatory statement was allegedly made by Defendant, to whom it was made, and in what context it was made." (ECF No. 219 at 14.)

Plaintiff does not specifically object to the Magistrate Judge's findings as to this claim, and, after review, the Court agrees with the Magistrate Judge and finds that Fisk is entitled to summary judgment on this claim.

        E.      <u>Intentional Infliction of Emotional Distress</u>

The Magistrate Judge next considered Plaintiff's claim for intentional infliction of emotional distress and found that it was barred by the South Carolina Workers' Compensation Act because Plaintiff failed to set forth sufficient evidence to show that Fisk was M-E-C's alter ego.  The Magistrate Judge noted that "the arguments in Plaintiff's

Response pertain to Lichtenfeld, not Fisk," and that "Plaintiff admitted evidence that he was the one who advised Fisk of M-E-C's dire financial situation (of which she had no knowledge) when he sent an email disputing the financial information sent by Quick after he sent his letter of resignation, and when he then subsequently met with Lichtenfeld and Fisk." (ECF No. 219 at 15 (citations to the record omitted).)

In his objections, Plaintiff asserts that the Magistrate Judge erred in her interpretation of the Workers' Compensation Statute and asserts that Fisk acted intentionally and outside the scope of her authority. Here again, however, Plaintiff cites *no evidence of record* to demonstrate that any allegedly intentional conduct was committed *by Fisk as an alter ego of his employer*. In other words, the evidence does not create a genuine issue of material fact as to whether Fisk was an alter ego of M-E-C or a "dominant" corporate owner or officer. The Court therefore finds that Plaintiff's objection is without merit, and the Court agrees with the Magistrate Judge that Fisk is entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

F.    Civil Conspiracy

Plaintiff objects to the dismissal of her civil conspiracy claim, asserting that she has set forth the required elements under the law and presented a genuine issue of material fact. The Magistrate Judge did not specifically consider this claim in the Report; however, the Court has reviewed the evidence of record in connection with the applicable law and finds that Plaintiff has failed to demonstrate a genuine issue of material fact as to his civil conspiracy claim because Plaintiff has pointed to no evidence, other than his own unsupported assertions or assumptions, to show that Fisk combined with Lichtenfeld *with the specific intent to commit wrongful conduct and harm Plaintiff as a result*. *See Paradis*

11

*v. Charleston County Sch. Dist.*, 433 S.C. 562, 861 S.E.2d 774, n.9 (S.C. 2021) ("Since civil conspiracy is an intentional tort, an intent to harm, which has also been discussed in our conspiracy law, remains an inherent part of the analysis."). Thus, as with Plaintiff's other claims against Fisk, the Court finds that Fisk is entitled to summary judgment on Plaintiff's civil conspiracy claim.

## II.     J. Andreas's Motion for Summary Judgment

In his letter seeking dismissal, which, like Fisk's, has been liberally construed as a motion for summary judgment due to J. Andreas's pro se status and the nature of his arguments, J. Andreas makes many of the same arguments as Fisk. He asserts that there is insufficient evidence to prove that he had any involvement in the termination of Plaintiff from M-E-C, and he states: "I never signed or made any statement about terminating his employment with M-E-C. I was in California at that time and was not consulted about or had any knowledge of the firing of Steve Rice." (ECF No. 226 at 1.) J. Andreas further asserts that although he did serve on the Board of M-E-C for a short period of time, he was not involved in the company's daily operations and did not have the legal ability to terminate Plaintiff. (*Id.*)

In the Magistrate Judge's Report addressing J. Andreas's motion for summary judgment, the Magistrate Judge again explained that, contrary to Plaintiff's arguments otherwise, Defendant J. Andreas does not bear the burden of putting forth evidence in this case; rather, Plaintiff has the burden of proving each of his claims and demonstrating that a genuine issue of material fact exists for a jury to consider.

Next, as with Fisk's motion for summary judgment, the Magistrate Judge found no merit to Plaintiff's complaint that J. Andreas's motion was untimely. Again, as previously

explained, although the scheduling order's deadline for motions had passed before J. Andreas filed his motion, the Court essentially invited additional motions from the parties, and J. Andreas filed his motion several months prior to trial. Ultimately, as with Fisk's motion, the Court finds that it is in the interests of judicial economy and efficiency to consider J. Andreas's motion.

Again, as with Fisk's motion, Plaintiff asserts that the issues presented in J. Andreas's motion have already been decided on two occasions when the Court denied J. Andreas's prior motion to dismiss and motion for summary judgment. However, as the Court previously explained, J. Andreas's prior motions raised only jurisdictional questions and did not reach the ultimate question of whether the record contains evidence to create a genuine issue of material fact as to Plaintiff's claims. (*See supra*, n. 4.) Thus, the Court finds no merit to this objection.

Plaintiff also objects to the Magistrate Judge's recitation of the background evidence and asserts that it is not in the light most favorable to Plaintiff, but Plaintiff cites no specific evidence that the Magistrate Judge failed to consider, and the Court finds no merit to this objection.

A.  <u>Wrongful Retention of Wages</u>

The Magistrate Judge considered Plaintiff's first claim against J. Andreas for wrongful retention of wages under the SCPWA. The Magistrate Judge noted that J. Andreas was a board member of M-E-C during the relevant time period, and the Magistrate Judge specifically considered Plaintiff's assertion that Fisk represented to him that she was operating as a representative of her husband, such that he should be permitted to pierce

13

the corporate veil. Ultimately, however, the Magistrate Judge again found insufficient evidence to demonstrate the *Dumas* standard for piercing the corporate veil. The Magistrate Judge explained that Plaintiff failed to point to evidence to show that Fisk or J. Andreas were shareholders of M-E-C, or to show that they siphoned off funds or took assets of M-E-C. The Magistrate Judge also explained that Plaintiff's theory of liability as to J. Andreas directly relates to Defendant Fisk, but Plaintiff's own evidence shows that he never spoke to Fisk before Quick's resignation, and that Fisk knew nothing of the company's dire financial situation prior to Plaintiff sending her a copy of an email outlining the issue. In all, after considering the evidence in the light most favorable to Plaintiff, the Magistrate Judge found that the evidence of record does not warrant piercing the corporate veil.

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant summary judgment on the claim for wrongful retention of wages, asserting that the Magistrate Judge failed to consider the argument that Fisk was acting as a representative of her husband who was an owner of stock and a board member. The Court finds no merit to this objection, as the Magistrate Judge clearly considered Plaintiff's argument that Fisk was acting as a representative of her husband and found this argument insufficient, without more, to warrant piercing the corporate veil. The Court finds that the Magistrate Judge did not err in this regard, and the Court agrees with the Magistrate Judge that J. Andreas is entitled to summary judgment on Plaintiff's claim for wrongful retention of wages.

    B.    <u>Breach of Contract, Breach of Contract with Fraudulent Intent, and Detrimental Reliance</u>

As to Plaintiff's second cause of action based on breach of contract, the Magistrate

Judge outlined the applicable law and determined that Plaintiff could not hold Defendant J. Andreas liable because he was a board member and his wife (Fisk) was acting on his behalf, where Plaintiff offered no other facts or specific evidence to show that Plaintiff had a contract with J. Andreas. Accordingly, the Magistrate Judge found that J. Andreas is entitled to summary judgment on this claim.

In his objections, Plaintiff summarily asserts that there is a genuine issue of material fact. Plaintiff essentially repeats his argument that J. Andreas is liable because his wife was acting as his representative and he was a board member of M-E-C.

After review, the Court finds Plaintiff's objection entirely unavailing. Stated succinctly, Plaintiff has failed to point to any evidence to show that he had a contract with J. Andreas, and the Court therefore agrees with the Magistrate Judge that J. Andreas is therefore entitled to summary judgment on this claim.

C.     Conversion

Next, with respect to Plaintiff's conversion claim, the Magistrate Judge outlined the applicable law and considered Plaintiff's assertion that Lichtenfeld and Fisk, acting as her husband's representative, locked Plaintiff out of the Charleston office, refused to return his personal property, switched off his cell phone, and terminated his employment. After consideration, the Magistrate Judge explained that Plaintiff failed to point to any portions of the record to support his allegations and assumptions, and that although Fisk was present in Charleston when the locks were changed, this fact was insufficient to create a genuine issue of material fact as to her involvement. The Magistrate Judge also found that because J. Andreas's liability hinges on Fisk acting as a representative of J. Andreas, Plaintiff cannot establish a conversion claim against J. Andreas.

Plaintiff objects by summarily repeating his unsupported allegations against Defendant Fisk. After review, the Court finds Plaintiff's objection unavailing and agrees with the Magistrate Judge that Plaintiff's conversion claim against J. Andreas fails. Stated plainly, the record contains no evidence to show that J. Andrews participated in the unauthorized assumption and exercise of rights over any of Plaintiff's goods or chattels. J. Andreas is thus entitled to summary judgment on this claim.

D.    <u>Slander</u>

Finally, as to Plaintiff's slander claim, the Magistrate Judge outlined the appropriate law and determined that Plaintiff failed to show when J. Andreas made false statements, or to whom they were made. The Magistrate Judge explained that any statements made by J. Andreas in the motion under consideration–such as J. Andreas's statement that "Steve Rice and John Quick set up a fraudulent front as M-E-C Company in South Carolina"–are protected by an absolute litigation privilege as a statement made by a party in a court filing during the course of litigation.

Plaintiff objects to the Magistrate Judge's findings as to his slander claim but nowhere does Plaintiff point to any specific statements made by J. Andreas outside of Court (and any facts surrounding them, such as when they were made or to whom), and Plaintiff simply points again to the statement J. Andreas made in his motion for summary judgment. Importantly, Plaintiff completely ignores the Magistrate Judge's finding that, even if the statement made in J. Andreas's motion is defamatory, J. Andreas is entitled to an absolute litigation privilege. Overall, the Court finds no merit to Plaintiff's objection and agrees with the Magistrate Judge that Plaintiff has failed to point to sufficient evidence to create a genuine issue of material fact as to his slander claim against J. Andreas.

**CONCLUSION**

Based on the foregoing, the Court finds that the Magistrate Judge fairly and accurately set forth the facts and applied the correct principles of law in both of her Reports, and the Court finds no merit to Plaintiff's objections to those Reports. Accordingly, for the reasons set forth herein, the Court overrules Plaintiff's objections (ECF Nos. 222 and 233); the Court adopts in full and incorporates the Magistrate Judge's Reports (ECF Nos. 219 and 231); and the Court grants Fisk's motion for summary judgment (ECF No. 212) and J. Andreas's motion for summary judgment (ECF No. 226). Having dismissed Fisk and J. Andreas from this action, the Court cancels the jury trial scheduled for January 11, 2022, and the Court will schedule a damages hearing on Plaintiff's motion for default judgment against Defendants M-E-C and Reuben Andreas at the earliest available opportunity.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 7, 2021
Charleston, South Carolina